UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE RAFAEL TORRES,

        Petitioner,

                                                      CASE NO. 05-73917

v.

                                                      HONORABLE AVERN COHN

BARRY D. DAVIS,

       Respondent.
_____/

### ORDER DENYING PETITIONER'S MOTION TO VACATE
### THE MAGISTRATE JUDGE'S SCHEDULING ORDER

**I. Introduction**

This is a habeas case under 28 U.S.C. § 2241. Petitioner Jose Rafael Torres (Petitioner), proceeding pro se, challenges his state convictions for three counts of first-degree criminal sexual conduct. On October 28, 2005, Magistrate Judge R. Steven Whalen ordered Respondent to file an answer to the habeas petition by April 17, 2006.

Before the Court are (1) Petitioner's objections to the magistrate judge's order and (2) Petitioner's motion to vacate the magistrate judge's order and to grant the writ of habeas corpus if Respondent does not file an answer to the petition within five days. For the reasons that follow, the motion is DENIED.

**II. Analysis**

**1. Petitioner's Objections to the Magistrate Judge's Order**

Petitioner says that he filed his habeas petition under 28 U.S.C. § 2241 and that the magistrate judge mistakenly applied the Rules Governing Section 2254 Cases. Petitioner's argument has no basis in law. The Rules Governing Section 2254 Cases

authorize district courts to apply those rules to a habeas corpus petition not filed under § 2254.  See Rule 1(b) of the Rules Governing Section 2254 Cases.

### 2. Petitioner's Motion to Vacate the Magistrate Judge's Order

Petitioner next argues that the magistrate judge lacked authority to set the deadline for Respondent's answer.  This argument lacks merit because 28 U.S.C. § 636(b)(1)(A) states that magistrate judges may hear and determine nondispositive pretrial matters.  In addition, the local rules in this district authorize magistrate judges to issue preliminary orders in habeas corpus cases.  See E.D. Mich. LR 72.1(b)(2).

Petitioner's final objection to the magistrate judge's order is that it granted Respondent five and a half months to file a responsive pleading.  Petitioner contends that, under 28 U.S.C. § 2243, Respondent should be required to file a responsive pleading "within three days unless for good cause additional time, not exceeding twenty days, is allowed."

Under Rule 4 of the Rules Governing Section 2254 Cases, if the district court does not dismiss a habeas petition, the court must order the respondent to file a responsive pleading "within a fixed time" or take some other action.  This rule also gives the court discretionary power to grant the state more than three days to file a return. Clutchette v. Rushen, 770 F.2d 1469, 1474-75 (9th Cir. 1985).  Accordingly, Petitioner's motion to vacate the magistrate judge's preliminary scheduling order is DENIED.

SO ORDERED.

Dated: January 09, 2006               s/Avern Cohn
                                      AVERN COHN
                                      UNITED STATES DISTRICT JUDGE

**Proof of Service (05-73917)**

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 9, 2006, by electronic and/or ordinary mail.

                                       s/Julie Owens
                                    Case Manager
                                    (313) 234-5160