**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOSE RAFAEL TORRES,

    Petitioner,                                            Case No. 05-CV-73917-DT
                                                            HONORABLE AVERN COHN

v.

BARRY D. DAVIS,

    Respondent.

_____/

**ORDER GRANTING PETITIONER'S APPLICATION TO PROCEED
IN FORMA PAUPERIS
AND
DENYING MOTION FOR A CERTIFICATE OF APPEALABILITY**

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Jose Rafael Torres, (Petitioner), a state prisoner, filed a *pro se* petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights. Petitioner also filed a motion to dismiss the petition and to amend the petition to include four claims as well as a motion for release. The Court found that Petitioner's proposed new claims, claiming improper admission of evidence, insufficient evidence, and sentencing errors, were barred by the statute of limitations and that the claims raised in the petition, claiming an improper arrest warrant, were procedurally defaulted. Accordingly, the Court dismissed the petition and denied Petitioner's motion to dismiss/amend and for release. See Opinion and Order Dismissing the Habeas Petition and Denying Petitioner's Motions for Release and to Dismiss the Petition without Prejudice, filed June 1, 2006.

Petitioner seeks to appeal the Court's decision and has also moved for leave to proceed in forma pauperis on appeal. Petitioner's request for in forma pauperis status is GRANTED. See Fed. R. App. 24(a).

II.

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) must issue. See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where, as here, the petition is dismissed on procedural grounds, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 120 S. Ct. at 1603-04 (quoting Barefoot v. Estelle, 463 U.S. 880, 898 n.4 (1983)). The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State

of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Moreover, where a Petitioner files a notice of appeal, the Court must issue a order granting or denying a COA. Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

III.

] Petitioner seeks a COA on the proposed claims which he raised in the state courts and which he sought to add, by amendment, to his petition. The Court, however, determined that these claims were time barred. Having carefully reviewed Petitioner's motion for a COA, the Court finds that for all the reasons stated in the June 1, 2006 decision, reasonable jurists would not debate the Court's conclusion that Petitioner's proposed claims are barred by the statute of limitations. Accordingly, Petitioner's motion for a COA is DENIED.

SO ORDERED.

Dated: July 11, 2006            s/Avern Cohn
                                AVERN COHN
                                UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to counsel of record and Jose Torres, 296591, Newberry Correctional Facility, 3001 Newberry Avenue Newberry, MI 49868 on this date, July 11, 2006, by electronic and/or ordinary mail.

                                 s/Julie Owens
                                Case Manager
                                (313) 234-5160